MICHAEL J. SACKSTEDER (CSB No. 191605)
msacksteder@fenwick.com
LAUREN E. WHITTEMORE (CSB No. 255432)
lwhittemore@fenwick.com
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA 94104
Telephone: 415.875.2300
Facsimile: 415.281.1350

GEOFFREY MILLER (CSB No. 308676)
gmiller@fenwick.com
FENWICK & WEST LLP
Silicon Valley Center
801 California Street
Mountain View, CA 94041
Telephone: 650.988.8500
Facsimile: 650.938.5200

Attorneys for Plaintiff
Supercell OY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Supercell Oy,

Plaintiff,

v.

GREE, Inc., GREE International Entertainment, Inc., GREE International, Inc., and Funzio Games, Inc.

Defendant.

Case No. 3:17-cv-5556

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Supercell Oy ("Supercell"), by and through its attorneys, brings this complaint against Defendants GREE, Inc., GREE International Entertainment, Inc., GREE International, Inc., and Funzio Games, Inc. (collectively, "Defendants" or "GREE") and alleges the following:

**NATURE OF THE ACTION**

1. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 1 et seq., specifically including 35 U.S.C. § 271(a), (b), and (c).

**PARTIES**

2. Supercell Oy is a corporation organized under the laws of Finland, with a principal place of business at Itämerenkatu 11-13, Helsinki, Uusimaa, 00180, Finland.

3. On information and belief Defendant GREE, Inc. is a corporation organized under the laws of Japan with a principal place of business at 6-10-1, Roppongi, Roppongi Hills Mori Tower Minato-Ku, Tokyo, Japan. On information and belief, GREE, Inc. does substantial business on an ongoing basis, on its own behalf and for and with its wholly owned subsidiaries, GREE International Entertainment, Inc., GREE International, Inc., and Funzio Games, Inc. in the United States, including in the State of California and in this District, and through its wholly owned subsidiaries, in this District.

4. On information and belief Defendant GREE International Entertainment, Inc. is a corporation organized under the laws of Delaware with a principal place of business at 185 Berry Street, Suite 590, San Francisco, CA 94107.

5. On information and belief Defendant GREE International, Inc. is a corporation organized under the laws of California with a principal place of business at 642 Harrison St., San Francisco, CA 94107.

6. On information and belief Defendant Funzio Games, Inc. is a corporation organized under the laws of Delaware with a principal place of business at 185 Berry Street, Suite 590, San Francisco, CA 94107.

**JURISDICTION AND VENUE**

7. Supercell hereby restates and re-alleges the allegations set forth in paragraphs 1 through 6.

8. This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331 (jurisdiction over federal questions) and 28 U.S.C. § 1338(a) (jurisdiction over civil actions arising under any Act of Congress relating to patents).

9. On information and belief, GREE maintains and/or maintained offices in the Northern District of California at 185 Berry Street, San Francisco, California 94107 and 642 Harrison Street, San Francisco, California 94107.

10. GREE, Inc., GREE International Entertainment, Inc., GREE International, Inc. and Funzio Games, Inc. transact and conduct business in this District and the State of California, and are subject to the personal jurisdiction of this Court.

11. For example, this Court has personal jurisdiction over GREE, Inc. pursuant to due process and the California Long Arm Statute, due at least to its continuous and systematic business contacts in the State of California and in this District, including committing acts of patent infringement within the State of California and this District at its office in the Northern District of California and as alleged below, and by virtue of its relationship with its wholly owned subsidiary GREE International Entertainment, Inc., which has its principal place of business in this District, and its relationship with GREE International, Inc., which is a California corporation with its principal place of business in this District. In addition, GREE, Inc. distributes its games through the Apple Inc.'s App Store for games played on iOS and through Google Inc.'s Google Play distribution service for games played on the Android operating system. Apple, Inc. is headquartered in Cupertino, California in the Northern District of California, and Google, Inc. is headquartered in Mountain View, California in the Northern District of California. On information and belief, GREE, Inc. has committed at least one act of infringement in the Northern District of California by distributing infringing product(s) and/or providing infringing services to customers in this District. GREE, Inc. has also purposefully directed its business activities to this State and this District. GREE, Inc. directly or through intermediaries (including distributors, retailers, and others), distributes, offers for sale, sells, and advertises its products infringing the asserted patent, described below, in the United States, the State of California, and this District.

GREE, Inc. also induces and/or or contributes to the acts of patent infringement by third parties in this District.

12. By way of further example, the Court has at least general personal jurisdiction over GREE International Entertainment, Inc. because it has or had its principal place of business in San Francisco, California, within this District.

13. By way of further example, the Court has at least specific personal jurisdiction over GREE International Entertainment, Inc. pursuant to due process and the California Long Arm Statute, due at least to its continuous business contacts in the State of California and in this District, including committing acts of patent infringement within the State of California and this District, as alleged below. GREE International Entertainment, Inc. has also purposefully directed its business activities to this State and this District, including by its continued operation in this District. GREE International Entertainment, Inc., directly or through intermediaries (including distributors, retailers, and others), distributes, offers for sale, sells, and/or advertises its products infringing the asserted patents, described below, in the United States, the State of California, and this District. GREE International Entertainment, Inc. also induces and/or contributes to acts of patent infringement by third parties in this District.

14. By way of further example, the Court has at least general personal jurisdiction over GREE International, Inc. because it is organized under the laws of the State of California and has its principal place of business in San Francisco, California, within this District.

15. By way of further example, the Court has at least specific personal jurisdiction over GREE International, Inc. pursuant to due process and the California Long Arm Statute, due at least to its continuous business contacts in the State of California and in this District, including committing acts of patent infringement within the State of California and this District, as alleged below. GREE International, Inc. has also purposefully directed its business activities to this State and this District, including by its continued operation in this District. GREE International, Inc. directly or through intermediaries (including distributors, retailers, and others), distributes, offers for sale, sells, and/or advertises its products infringing the asserted patents, described below, in

the United States, the State of California, and this District. GREE International, Inc. also induces and/or contributes to acts of patent infringement by third parties in this District.

16. By way of further example, the Court has at least general personal jurisdiction over Funzio Games, Inc. because it is organized under the laws of the State of California and has its principal place of business in San Francisco, California, within this District.

17. By way of further example, the Court has at least specific personal jurisdiction over Funzio Games, Inc. pursuant to due process and the California Long Arm Statute, due at least to its continuous business contacts in the State of California and in this District, including committing acts of patent infringement within the State of California and this District, as alleged below. Funzio Games, Inc. has also purposefully directed its business activities to this State and this District, including by its continued operation in this District. Funzio Games, Inc. directly or through intermediaries (including distributors, retailers, and others), distributes, offers for sale, sells, and/or advertises its products infringing the asserted patents, described below, in the United States, the State of California, and this District. Funzio Games, Inc. also aids, abets, and/or contributes to the infringement of third parties in this District.

18. Venue is proper in this judicial district under 28 U.S.C. §§ 1391 and/or 1400 because, among other reasons, GREE, Inc. is a foreign corporation and has committed and continues to commit acts of infringement in this District; GREE International, Inc. is incorporated in – and therefore resides in – the State of California, has (or at relevant times, had) a regular and established place of business in this District, and has committed and continues to commit acts of infringement in this District; and GREE International Entertainment, Inc. and Funzio Games, Inc. each resides in this district, has (or at relevant times, had) a regular and established place of business in this District, and has committed and continues to commit acts of infringement in this District.

**INTRADISTRICT ASSIGNMENT**

19. Pursuant to Civil L.R. 3-2(c), this action is to be assigned on a district-wide basis because it is an intellectual property action.

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

**THE PATENTS-IN-SUIT**

20. U.S. Patent No. 9,106,449 ("the '449 patent"), titled "Method, Apparatus and System for Obtaining Logon Information," was issued by the United States Patent and Trademark Office on August 11, 2015. Supercell is the owner by assignment of the entire right, title, and interest in and to the '449 patent. Supercell possesses the sole, exclusive, and undivided right to sue for infringement and collect damages for past and future infringement by Defendants. A true and correct copy of the '449 patent is attached hereto as Exhibit A.

21. The '449 patent relates to logon technology in Instant Messaging ("IM"), and specifically, to a system, method, and apparatus for obtaining logon information for a value-added service. *See* Ex. A at 1:15-18. Obtaining such logon information involves receiving by a function plug-in a request for logon information from a value-added service client and sending by a function plug-in the request for the logon information to an IM client corresponding to the value-added service client. A schematic diagram illustrating a structure of a system for logging on a value-added service server according to an exemplary embodiment of the '449 invention is shown in Figure 2 of the '449 patent, excerpted below.




Fig. 2

22. In earlier Internet applications, the game client would obtain the logon information such as a user account from the IM client by way of an inter-process communication. In other words, a communication mode between the IM client and the game client would be pre-

configured, and the IM client would not be able to add or change the communication process at any moment according to the update of the game client. If a new game client were issued, the new game client would not be able to communicate with the IM client because no communication process would have been created between the new game client and the IM client. The new game client would not be able to log on the game server until a communication process was created between the new game client and the IM client, for example, until the version of the IM client was upgraded. Ex. A at 2:19-32. Figure 1, excerpted below, is a schematic that illustrates a conventional procedure of a game client logging on a game server.




Fig. 1

23. As stated in the specification, through embodiments of the present invention, when a new value-added service client is issued, it is just needed to add a new function plug-in corresponding to the new value-added service client and register the new function plug-in while installing the new value-added service, while it is not necessary to make any change to the existing IM client. Therefore, the new value-added service client can interact with the IM client through the new function plug-in, and then obtain the logon information. The new plug-in

interacts with the IM client by using the common interface, thereby enabling the new value-added service client to obtain the logon information easily, flexibly and conveniently and then log on the value-added service server. *Id.* at 3:20-35. A schematic diagram shown in Figure 3 below.



Fig. 3

24. Claim 1 of the '449 patent reads:

1. A method for obtaining logon information, comprising:
obtaining, by an Instant Messaging (IM) client of a user, logon information which comprises a user account of the user when the user logs on the IM client;
sending, by a value-added service client of the user, a request for logon information when the user started the value-added service client;
receiving, by a function plug-in, the request for logon information from the value-added service client;
sending, by the function plug-in, the request for the logon information to the IM client;
returning, by the IM client, the logon information of the user to the function plug-in;
receiving, by the function plug-in, the logon information from the IM client;
sending, by the function plug-in, the logon information to the value-added service client; and
sending, by the value-added service client, the logon information of the user obtained from the IM client to a value-added service server to log on the value-added service server.

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

25. U.S. Patent No. 9,104,520 ("the '520 patent"), titled "Method and Apparatus for Upgrading Application," was issued by the United States Patent and Trademark Office on August 11, 2015. Supercell is the owner by assignment of the entire right, title, and interest in and to the '520 patent. Supercell possesses the sole, exclusive, and undivided right to sue for infringement and collect damages for past and future infringement by Defendants. A true and correct copy of the '449 patent is attached hereto as **Exhibit B**.

26. The '520 patent relates to mobile communication technologies, specifically to a method and apparatus for upgrading an application. *See* Ex. B at 1:15-18. The '520 patent provides a method and apparatus for upgrading an application, so as to avoid providing too many patch packages for the same version of application available on multiple release channels. In one embodiment of the invention the claimed method for upgrading an application comprises:

> obtaining a patch package corresponding to a current installation package of an application;
> removing a customized information portion from the current installation package and obtaining a data portion of the current installation package;
> generating a data portion of a new installation package according to the patch package and the data portion of the current installation package;
> obtaining the new installation package by adding the customized information portion to the data portion and the new installation package;
> installing the new installation package.

**COUNT I: INFRINGEMENT OF U.S. PATENT NO. 9,106,449**

27. Supercell hereby restates and re-alleges the allegations set forth in paragraphs 1 through 26.

28. GREE infringes at least claims 1-14 of the '449 patent, either literally or under the doctrine of equivalents, by making, using, selling, offering to sell, and/or importing into the United States GREE's mobile games: DragonSoul, Knights & Dragons, Crime City, Modern War, and Kingdom Age (the "Accused Products").

29. As set forth below, the Accused Products infringe claims 1-14 of the '449 patent. For exemplary purposes, the Accused Product "Modern War" will demonstrate infringement of each method step below.

30. Claim 1 of the '449 patent recites as follows:

1. A method for obtaining logon information, comprising:
obtaining, by an Instant Messaging (IM) client of a user, logon information which comprises a user account of the user when the user logs on the IM client;
sending, by a value-added service client of the user, a request for logon information when the user started the value-added service client;
receiving, by a function plug-in, the request for logon information from the value-added service client;
sending, by the function plug-in, the request for the logon information to the IM client;
returning, by the IM client, the logon information of the user to the function plug-in;
receiving, by the function plug-in, the logon information from the IM client;
sending, by the function plug-in, the logon information to the value-added service client; and
sending, by the value-added service client, the logon information of the user obtained from the IM client to a value-added service server to log on the value-added service server.

31. GREE's Accused Products meet all requirements of claim 1. Upon information and belief, the Accused Products perform a method that includes obtaining, by an IM client of a user, logon information which comprises a user account of the user when the user logs on the IM client. For example, users of the Accused Products are able to logon to the Accused Products via a third-party service.




FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

32. The Accused Products perform a method that includes sending, by a value-added service client of the user, a request for logon information when the user started the value-added service client. For example, when the user first launches the game on his or her device, logon information is requested from the associated third-party service.







FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

33. The Accused Products perform a method that includes receiving, by a function plug-in, the request for logon information from the value-added service client.

34. The Accused Products perform a method that includes sending, by the function plug-in, the request for the logon information to the IM client.

35. The Accused Products perform a method that includes returning, by the IM client, the logon information of the user to the function plug-in.

36. The Accused Products perform a method that includes receiving, by the function plug-in, the logon information from the IM client.

37. The Accused Products perform a method that includes sending, by the function plug-in, the logon information to the value-added service client.

38. The Accused Products perform a method that includes sending, by the value-added service client, the logon information of the user obtained from the IM client to a value-added service server to log on the value-added service server. For example, as shown in the image below, once the game has been linked to a third-party account, the game will automatically log the user on to the linked account upon opening the game.




39. GREE has actual or constructive notice of the '449 patent and GREE's infringement of the '449 patent at least from the time of the filing of this Complaint.

40. GREE's continuing infringement of the '449 patent will continue to damage Supercell, causing irreparable harm for which there is no adequate remedy at law, unless GREE is enjoined by this Court from further acts of infringement.

41. GREE's past and future acts of infringement of the '449 patent have caused and will cause damages to Supercell, entitling Supercell to recover damages from GREE in an amount subject to proof at trial, but in no event less than a reasonable royalty extending through the life of the '449 patent.

**COUNT II: INFRINGEMENT OF U.S. PATENT NO. 9,104,520**

42. Supercell hereby restates and re-alleges the allegations set forth in paragraphs 1 through 41.

43. GREE infringes at least claims 1-20 of the '520 patent, either literally or under the doctrine of equivalents, by making, using, selling, offering to sell, and/or importing into the United States GREE's mobile games: DragonSoul, Knights & Dragons, Crime City, Modern War, and Kingdom Age.

44. Upon information and belief, GREE's Accused Products include the method and apparatus for upgrading an application technology recited in claims 1-20 of the '520 patent. For exemplary purposes, the Accused Product "DragonSoul" will demonstrate infringement of each method step below.

45. As set forth below, the Accused Products infringe claims 1-20 of the '520 patent. Claim 1 of the '520 patent recites as follows:

> 1. A method for upgrading an application, comprising: obtaining a patch package corresponding to a current installation package of an application; removing a customized information portion from the current installation package and obtaining a data portion of the current installation package; generating a data portion of a new installation package according to the patch package and the data portion of the current installation package; obtaining the new installation package by adding the customized information portion to the data portion of the new installation package; and installing the new installation package.

46. GREE's Accused Products meet all requirements of claim 1. The Accused Products perform a method that includes obtaining a patch package corresponding to a current installation package of an application.

47. Upon information and belief, the Accused Products perform a method that includes removing a customized information portion from the current installation package and obtaining a data portion of the current installation package.

48. Upon information and belief, the Accused Products perform a method that includes generating a data portion of a new installation package according to the patch package and the data portion of the current installation package.

49. Upon information and belief, the Accused Products perform a method that includes installing the new installation package.

50. In view of the foregoing, GREE's Accused Products directly infringe at least Claims 1-20 of the '520 patent.

51. GREE has actual or constructive notice of the '520 patent, and GREE's infringement of the '520 patent at least from the time of the filing of this Complaint.

52. GREE's continuing infringement of the '520 patent will continue to damage Supercell, causing irreparable harm for which there is no adequate remedy at law, unless GREE is enjoined by this Court from further acts of infringement.

53. GREE's past and future acts of infringement of the '520 patent have caused and will cause damages to Supercell, entitling Supercell to recover damages from GREE in an amount subject to proof at trial, but in no event less than a reasonable royalty extending through the life of the '520 patent.

## DEMAND FOR JURY TRIAL

54. Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Supercell hereby demands trial by jury of all issues so triable.

## PRAYER FOR RELIEF

55. WHEREFORE, Supercell respectfully requests that this Court enter judgment in its favor and against GREE as follows:

A. A declaration that GREE has infringed and continues to infringe one or more claims of the '449 patent under 35 U.S.C. § 271, and a final judgment incorporating the same;

B. For GREE, and its officers, agents, servants, employees, and those persons in active concert or participation with any of them, be preliminarily and permanently enjoined from any further infringement of the ’449 patent pursuant to 35 U.S.C. § 283. In the alternative, if the Court finds that an injunction is not warranted, Supercell requests an award of post-judgment royalty to compensate for future infringement;

C. For an award of damages adequate to compensate Supercell for GREE’s infringement of the ’449 patent, together with prejudgment and post-judgment interest and costs pursuant to 35 U.S.C. 284;

D. A declaration that GREE has infringed and continues to infringe one or more claims of the ’520 patent under 35 U.S.C. § 271, and a final judgment incorporating the same;

E. For GREE, and its officers, agents, servants, employees, and those persons in active concert or participation with any of them, be preliminarily and permanently enjoined from any further infringement of the ’520 patent pursuant to 35 U.S.C. § 283. In the alternative, if the Court finds that an injunction is not warranted, Supercell requests an award of post-judgment royalty to compensate for future infringement;

F. For an award of damages adequate to compensate Supercell for GREE’s infringement of the ’520 patent, together with prejudgment and post-judgment interest and costs pursuant to 35 U.S.C. 284;

G. For an order finding that GREE’s infringement is willful and enhancing damages pursuant to 35 U.S.C. § 284;

H. For an order finding that this is an exceptional case under 35 U.S.C. § 285 and awarding relief, including reasonable attorneys’ fees, costs, and expenses;

I. For such other and further relief as this Court may deem just and proper.

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

Dated: September 25, 2017

FENWICK & WEST LLP

By: */s/ Michael J. Sacksteder*
Michael J. Sacksteder
Attorneys for Plaintiff
Supercell Oy

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO