KILPATRICK TOWNSEND & STOCKTON LLP
STEVEN D. MOORE (SBN 290875)
smoore@kilpatricktownsend.com
TAYLOR J. PFINGST (SBN 316516)
TPfingst@kilpatricktownsend.com
Two Embarcadero Center, Suite 1900
San Francisco, CA 94111
Telephone: 415 576 0200
Facsimile: 415 576 0300

KILPATRICK TOWNSEND & STOCKTON LLP
SCOTT E. KOLASSA (SBN 294732)
SKolassa@kilpatricktownsend.com
1080 Marsh Road
Menlo Park, CA 94025
Telephone: 650 326 2400
Facsimile: 650 326 2422

Attorneys for Defendants
GREE, INC., GREE INTERNATIONAL
ENTERTAINMENT, INC. AND
FUNZIO GAMES, INC.

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

SUPERCELL OY,

Plaintiff,

v.

GREE, INC., GREE INTERNATIONAL ENTERTAINMENT, INC., AND FUNZIO GAMES, INC.,

Defendants.

Civil Action No. 4:17-CV-5556-YGR

**DEFENDANTS GREE, INC., GREE INTERNATIONAL ENTERTAINMENT, INC. AND FUNZIO GAMES, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT**

Defendants GREE, Inc., GREE International Entertainment, Inc., and Funzio Games, Inc. (collectively "Defendants") by and through their undersigned counsel, hereby respond to Plaintiff Supercell Oy's ("Supercell" or "Plaintiff") Complaint (Dkt. No. 1) as follows:

1. Defendants admit that Paragraph 1 of the Complaint alleges that this is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 1 et seq.,



specifically including 35 U.S.C. § 271(a), (b), and (c). Defendants otherwise deny that any infringement has occurred and deny any other allegations of Paragraph 1.

2. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 of the Complaint and therefore deny those allegations.

3. Defendants admit that GREE, Inc. is a corporation organized under the laws of Japan with a principal place of business at 6-10-1, Roppongi, Roppongi Hills Mori Tower Minato-Ku, Tokyo, Japan. Defendants deny the remaining allegations in Paragraph 3 of the Complaint.

4. Defendants admit the allegations in Paragraph 4 of the Complaint.

5. No response is required to Paragraph 5 of the Complaint as Plaintiff has voluntarily dismissed GREE International, Inc. as a party to this action as per Dkt. No. 21.

6. Defendants admit the allegations in Paragraph 6 of the Complaint.

7. Paragraph 7 of the Complaint does not contain any allegations requiring a response. To the extent that a response is required, Defendants restate and reincorporate by reference their responses to the above paragraphs as though fully set forth herein.

8. Defendants admit the allegations in Paragraph 8 of the Complaint.

9. Defendants admit the allegations in Paragraph 9 of the Complaint.

10. Defendants admit that this Court has personal jurisdiction over GREE, Inc., GREE International Entertainment, Inc., and Funzio Games, Inc. No response is required as to Plaintiff's allegations regarding GREE International, Inc. as Plaintiff has voluntarily dismissed GREE International, Inc. as a party to this action as per Dkt. No. 21.

11. Defendants admit that this Court has personal jurisdiction over GREE, Inc. Defendants deny that they have committed any acts of patent infringement and further deny that they are liable to the Plaintiff under the patent laws of the United States of America or any other laws. Defendants admit that certain games published by Funzio Games, Inc. are available on Apple Inc.'s App Store and Google Inc.'s Google Play service. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 11 of the Complaint and therefore deny those allegations.

12. Defendants admit that this Court has personal jurisdiction over GREE International



Entertainment, Inc. Defendants deny the remaining allegations in Paragraph 12 of the Complaint.

13. Defendants admit that this Court has personal jurisdiction over GREE International Entertainment, Inc. Defendants deny that they have committed any acts of patent infringement and further deny that they are liable to the Plaintiff under the patent laws of the United States of America or any other laws. Defendants deny any remaining allegations in Paragraph 13 of the Complaint.

14. No response is required to Paragraph 14 because Plaintiff has voluntarily dismissed GREE International, Inc. as a party to this action as per Dkt. No. 21.

15. No response is required to Paragraph 15 because Plaintiff has voluntarily dismissed GREE International, Inc. as a party to this action as per Dkt. No. 21.

16. Defendants admit that the Court has personal jurisdiction over Funzio Games, Inc. Defendants deny any remaining allegations in Paragraph 16 of the Complaint.

17. Defendants admit that the Court has personal jurisdiction over Funzio Games, Inc. Defendants deny that they have committed any acts of patent infringement and further deny that they are liable to the Plaintiff under the patent laws of the United States of America or any other laws. Defendants deny any remaining allegations in Paragraph 17 of the Complaint.

18. Defendants admit that venue is proper in this judicial district. Defendants deny the remaining allegations in Paragraph 18 of the Complaint.

19. Paragraph 19 of the Complaint does not contain any allegations requiring a response. To the extent that a response is required, Defendants admit that Civil L.R. 3-2(c) requires assignment of intellectual property actions on a district wide basis.

20. The Court has held the ’449 Patent invalid, and it has been dismissed from this case. See Dkt. No. 47. To the extent that a response to this Paragraph is required, Defendants admit that that Exhibit A to the Complaint purports to be U.S. Patent No. 9,106,449 (“the ’449 Patent”), titled “Method, Apparatus and System for Obtaining Logon Information,” purportedly issued by the United States Patent and Trademark Office on August 11, 2015. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 20 of the Complaint and therefore deny those allegations.



21. The Court has held the ’449 Patent invalid, and it has been dismissed from this case. See Dkt. No. 47. To the extent that a response to this Paragraph is required, Defendants admit that the excerpted Figure in Paragraph 21 of the Complaint appears as “Fig. 2” in Exhibit A to the Complaint. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 21 of the Complaint and therefore deny those allegations.

22. The Court has held the ’449 Patent invalid, and it has been dismissed from this case. See Dkt. No. 47. Defendants admit that the excerpted Figure in Paragraph 22 of the Complaint appears as “Fig. 3” in Exhibit A to the Complaint. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 22 of the Complaint and therefore deny those allegations.

23. The Court has held the ’449 Patent invalid, and it has been dismissed from this case. See Dkt. No. 47. Defendants admit that the excerpted Figure in Paragraph 23 of the Complaint appears as “Fig. 3” in Exhibit A to the Complaint. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 23 of the Complaint and therefore deny those allegations.

24. The Court has held the ’449 Patent invalid, and it has been dismissed from this case. See Dkt. No. 47. Defendants admit that what is identified as Claim 1 in Exhibit A to the Complaint reads as provided in Paragraph 24 of the Complaint.

25. Defendants admit that Exhibit B to the Complaint purports to be U.S. Patent No. 9,104,520 (“the ’520 Patent”), titled “Method and Apparatus for Upgrading Application,” purportedly issued by the United States Patent and Trademark Office on August 11, 2015. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 25 of the Complaint and therefore deny those allegations.

26. Defendants admit that the quoted text in Paragraph 26 of the Complaint appears in Exhibit A at 1:5-16. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 26 of the Complaint and therefore deny those allegations.



27. Paragraph 27 of the Complaint does not contain any allegations requiring a response. To the extent that a response is required, Defendants restate and reincorporate by reference their responses to the above paragraphs as though fully set forth herein.

28. The Court has held the '449 Patent invalid, and it has been dismissed from this case. See Dkt. No. 47. To the extent that a response to this Paragraph is required, Defendants deny the allegations in Paragraph 28 of the Complaint.

29. The Court has held the '449 Patent invalid, and it has been dismissed from this case. See Dkt. No. 47. To the extent that a response to this Paragraph is required, Defendants deny the allegations in Paragraph 29 of the Complaint.

30. The Court has held the '449 Patent invalid, and it has been dismissed from this case. See Dkt. No. 47. To the extent that a response to this Paragraph is required, Defendants admit that Paragraph 30 of the Complaint quotes the language appearing at Claim 1 in Exhibit A to the Complaint.

31. The Court has held the '449 Patent invalid, and it has been dismissed from this case. See Dkt. No. 47. To the extent that a response to this Paragraph is required, Defendants deny the allegations in Paragraph 31 of the Complaint. Defendants deny that they have committed any acts of patent infringement and further deny that they are liable to the Plaintiff under the patent laws of the United States of America or any other laws.

32. The Court has held the '449 Patent invalid, and it has been dismissed from this case. See Dkt. No. 47. Defendants deny the allegations in Paragraph 32 of the Complaint. Defendants deny that they have committed any acts of patent infringement and further deny that they are liable to the Plaintiff under the patent laws of the United States of America or any other laws.

33. The Court has held the '449 Patent invalid, and it has been dismissed from this case. See Dkt. No. 47. Defendants deny the allegations in Paragraph 33 of the Complaint. Defendants deny that they have committed any acts of patent infringement and further deny that they are liable to the Plaintiff under the patent laws of the United States of America or any other laws.

34. The Court has held the ’449 Patent invalid, and it has been dismissed from this case. See Dkt. No. 47. Defendants deny the allegations in Paragraph 34 of the Complaint. Defendants deny that they have committed any acts of patent infringement and further deny that they are liable to the Plaintiff under the patent laws of the United States of America or any other laws.

35. The Court has held the ’449 Patent invalid, and it has been dismissed from this case. See Dkt. No. 47. Defendants deny the allegations in Paragraph 35 of the Complaint. Defendants deny that they have committed any acts of patent infringement and further deny that they are liable to the Plaintiff under the patent laws of the United States of America or any other laws.

36. The Court has held the ’449 Patent invalid, and it has been dismissed from this case. See Dkt. No. 47. Defendants deny the allegations in Paragraph 36 of the Complaint. Defendants deny that they have committed any acts of patent infringement and further deny that they are liable to the Plaintiff under the patent laws of the United States of America or any other laws.

37. The Court has held the ’449 Patent invalid, and it has been dismissed from this case. See Dkt. No. 47. Defendants deny the allegations in Paragraph 37 of the Complaint. Defendants deny that they have committed any acts of patent infringement and further deny that they are liable to the Plaintiff under the patent laws of the United States of America or any other laws.

38. The Court has held the ’449 Patent invalid, and it has been dismissed from this case. See Dkt. No. 47. Defendants deny the allegations in Paragraph 38 of the Complaint. Defendants deny that they have committed any acts of patent infringement and further deny that they are liable to the Plaintiff under the patent laws of the United States of America or any other laws.

39. The Court has held the ’449 Patent invalid, and it has been dismissed from this case. See Dkt. No. 47. To the extent that a response to this Paragraph is required, Defendants deny the allegations in Paragraph 39 of the Complaint.

40. The Court has held the ’449 Patent invalid, and it has been dismissed from this case. See Dkt. No. 47. To the extent that a response to this Paragraph is required, Defendants deny the allegations in Paragraph 40 of the Complaint. Defendants deny that they have committed any acts of patent infringement and further deny that they are liable to the Plaintiff under the patent laws of the United States of America or any other laws.

41. The Court has held the ’449 Patent invalid, and it has been dismissed from this case. See Dkt. No. 47. To the extent that a response to this Paragraph is required, Defendants deny the allegations in Paragraph 41 of the Complaint. Defendants deny that they have committed any acts of patent infringement and further deny that they are liable to the Plaintiff under the patent laws of the United States of America or any other laws.

42. Paragraph 42 of the Complaint does not contain any allegations requiring a response. To the extent that a response is required, Defendants restate and reincorporate by reference their responses to the above paragraphs as though fully set forth herein.

43. Defendants deny the allegations in Paragraph 43 of the Complaint. Defendants deny that they have committed any acts of patent infringement and further deny that they are liable to the Plaintiff under the patent laws of the United States of America or any other laws.

44. Defendants deny the allegations in Paragraph 44 of the Complaint. Defendants deny that they have committed any acts of patent infringement and further deny that they are liable to the Plaintiff under the patent laws of the United States of America or any other laws.

45. Defendants admit that the excerpted text in Paragraph 45 of the Complaint appears as Claim 1 in Exhibit B. Defendants deny the allegations in Paragraph 45 of the Complaint. Defendants deny that they have committed any acts of patent infringement and further deny that they are liable to the Plaintiff under the patent laws of the United States of America or any other laws.

46. Defendants deny the allegations in Paragraph 46 of the Complaint. Defendants deny that they have committed any acts of patent infringement and further deny that they are liable to the Plaintiff under the patent laws of the United States of America or any other laws.

47. Defendants deny the allegations in Paragraph 47 of the Complaint. Defendants



deny that they have committed any acts of patent infringement and further deny that they are liable to the Plaintiff under the patent laws of the United States of America or any other laws.

48. Defendants deny the allegations in Paragraph 48 of the Complaint. Defendants deny that they have committed any acts of patent infringement and further deny that they are liable to the Plaintiff under the patent laws of the United States of America or any other laws.

49. Defendants deny the allegations in Paragraph 49 of the Complaint. Defendants deny that they have committed any acts of patent infringement and further deny that they are liable to the Plaintiff under the patent laws of the United States of America or any other laws.

50. Defendants deny the allegations in Paragraph 50 of the Complaint. Defendants deny that they have committed any acts of patent infringement and further deny that they are liable to the Plaintiff under the patent laws of the United States of America or any other laws.

51. Defendants admit that GREE learned of the ’520 Patent as of the time Plaintiff served the Complaint. Defendants deny the remaining allegations in Paragraph 51 of the Complaint.

52. Defendants deny the allegations in Paragraph 52 of the Complaint. Defendants deny that they have committed any acts of patent infringement and further deny that they are liable to the Plaintiff under the patent laws of the United States of America or any other laws.

53. Defendants deny the allegations in Paragraph 53 of the Complaint. Defendants deny that they have committed any acts of patent infringement and further deny that they are liable to the Plaintiff under the patent laws of the United States of America or any other laws.

54. Paragraph 54 of the Complaint sets forth a legal conclusion that does not require a response. To the extent a response is required, Defendants deny the allegations in Paragraph 54.

55. Defendants deny that Plaintiff is entitled to any of the relief sought in its prayer for relief, including the relief requested in paragraphs (A)-(I) of the prayer for relief of the Complaint. Specifically with respect to paragraph G, Plaintiff has failed to assert a claim in the Complaint for willful infringement or to allege any specific facts that would support a finding of willful infringement. Defendants contend that Plaintiff has failed to adequately plead willfulness and thus is not entitled to the relief sought in paragraph G.



**GENERAL DENIAL**

To the extent any of the allegations of the Complaint have not been previously specifically admitted or denied, Defendants deny them.

**AFFIRMATIVE AND OTHER DEFENSES**

Pursuant to Federal Rule of Civil Procedure 8(c), Defendants allege and assert the following defenses in response to the allegations by Plaintiff, without assuming the burden of proof when such burden would otherwise be on the Plaintiff. Defendants reserve the right to supplement their defenses as the result of any information that they confirm or learn during the course of discovery in this matter.

**FIRST DEFENSE**

Plaintiff has failed to state a claim upon which relief may be granted.

**SECOND DEFENSE**

Defendants have not and do not infringe either directly or indirectly any of the claims of the Patents-in-Suit, either literally or under the doctrine of equivalents.

**THIRD DEFENSE**

Some or all of the claims of the Patents-in-Suit are invalid for failure to comply with one or more provisions of Title 35, United States Code §§ 101, 102, 103, and/or 112.

**FOURTH DEFENSE**

Some or all of Plaintiff's claims are barred by the doctrines of estoppel, waiver, and/or unclean hands.

**FIFTH DEFENSE**

Plaintiff is estopped from asserting infringement by Defendants by virtue of prior art or conduct, statements, admissions, and/or representations during the prosecution of the Patents-in-Suit.

**SIXTH DEFENSE**

To the extent that Plaintiff, its predecessors-in-interest, or its licensees failed to properly mark any of its relevant products with the numbers of the Patents-in-Suit as required by 35 U.S.C. § 287 or otherwise give proper notice that Defendants' actions allegedly infringed the Patents-in-



Suit, Defendants are not liable for any of the allegedly-infringing acts performed before it received actual notice of the alleged infringement.

**COUNTERCLAIMS**

GREE, Inc. and Funzio Games, Inc. (collectively "Counterclaim Plaintiffs") hereby assert the following counterclaims against Plaintiff Supercell OY ("Plaintiff").

**PARTIES**

1. GREE, Inc. is a Japanese corporation with its principal place of business at 6-10-1, Roppongi, Roppongi Hills Mori Tower Minato-Ku, Tokyo, Japan.

2. Funzio Games, Inc. is a Delaware corporation.

3. Upon information and belief, Plaintiff Supercell OY is a corporation organized under the laws of Finland with a principal place of business at Itämerenkau 11-13, Helsinki, Uusimaa, 00180, Finland.

**JURISDICTION AND VENUE**

4. By these Counterclaims, Counterclaim Plaintiffs seek declarations of non-infringement and invalidity with respect to U.S. Patent No. 9,104,520 ("the '520 patent").

5. Jurisdiction is proper pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202; as the counterclaims arise under the Patent Code, 35 U.S.C. § 1 *et seq.*, this Court also has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6. This Court has personal jurisdiction over Plaintiff because Plaintiff has consented to jurisdiction by having filed its Complaint in this District.

7. Plaintiff has consented to venue in this jurisdiction through the filing of its Complaint. To the extent venue is proper for Plaintiff's lawsuit, venue is proper for these counterclaims.

**GENERAL ALLEGATIONS**

8. On September 25, 2017, Plaintiff filed suit against Counterclaim Plaintiffs asserting infringement of the '520 patent. (Dkt. No. 1).

9. Counterclaim Plaintiffs deny they infringe, contribute to the infringement, or actively induce the infringement of any claims of the '520 patent. In addition, Counterclaim



Plaintiffs allege that the ’520 patent is invalid under one or more of 35 U.S.C. §§ 101, 102, 103, and/or 112.

**FIRST COUNTERCLAIM**

**(Declaration of Non-Infringement of U.S. Patent No. 9,104,520)**

10. Counterclaim Plaintiffs hereby restate and re-aver the information set forth in counterclaim paragraphs 1-10 above and incorporate it by reference.

11. As a result of Plaintiff’s allegations of infringement against Counterclaim Plaintiffs, an actual, immediate, and justiciable controversy exists between the parties as to non-infringement of the ’520 patent.

12. Counterclaim Plaintiffs are not now infringing and have never infringed directly, or by inducement, or by contributory infringement, any valid claim of the ’520 patent, and the alleged acts of Counterclaim Plaintiffs as set forth by Plaintiff’s Complaint have not resulted in infringement of any valid claim of the ’520 patent by others.

13. Counterclaim Plaintiffs are not now infringing and have never infringed directly, or by inducement, or by contributory infringement, any claim of the ’520 patent because the claims of the ’520 patent are invalid as set forth further herein.

14. Counterclaim Plaintiffs are entitled to a decree and declaration of the Court that they do not infringe any valid claim of the ’520 patent.

**SECOND COUNTERCLAIM**

**(Declaration of Invalidity of U.S. Patent No. 9,104,520)**

15. Counterclaim Plaintiffs hereby restate and re-aver the information set forth in counterclaim paragraphs 1-15 above and incorporate it by reference.

16. As a result of Plaintiff’s allegations of infringement against Counterclaim Plaintiffs, an actual, immediate, and justiciable controversy exists between the parties as to the invalidity of the ’520 patent.

17. Claims 1-20 of the ’520 patent are invalid because they are anticipated and/or rendered obvious by the prior art or otherwise fail to comply with the requirements of 35 U.S.C. §§ 100 *et seq.*, including, without limitation, one or more of the following: 35 U.S.C. §§ 101, 102,



103, and 112.

18. Counterclaim Plaintiffs are entitled to a decree and declaration of the Court that the claims of the ’520 patent are invalid.

**PRAYER FOR RELIEF**

Counterclaim Plaintiffs request that the Court:

A. Dismiss all counts of Plaintiff’s Complaint for patent infringement with prejudice and award Plaintiff nothing by way of its Complaint;

B. Enter a declaratory judgment declaring U.S. Patent No. 9,104,520 to be invalid and/or unenforceable and/or not infringed by Counterclaim Plaintiffs;

C. Declare this case to be exceptional under 35 U.S.C. § 285 and enter a judgment awarding Counterclaim Plaintiffs their costs, reasonable attorneys’ fees, and expert witness fees in this action; and

D. Award Counterclaim Plaintiffs such further relief as the Court may deem just and proper.

**DEFENDANTS DEMAND A TRIAL BY JURY.**

DATED: May 17, 2018

Respectfully submitted,

KILPATRICK TOWNSEND & STOCKTON LLP

By: */s/Steven D. Moore*
STEVEN D. MOORE

Attorneys for Defendants
GREE, INC., GREE INTERNATIONAL ENTERTAINMENT, INC. and FUNZIO GAMES, INC.