**FENWICK & WEST LLP**

555 CALIFORNIA STREET, 12TH FLOOR    SAN FRANCISCO, CA 94104
TEL 415.875.2300    FAX 415.281.1350    WWW.FENWICK.COM

July 30, 2018

BRYAN A. KOHM

EMAIL BKOHM@FENWICK.COM
DIRECT DIAL (415) 875-2404

**VIA EMAIL**

The Honorable Yvonne Gonzalez Rogers
United States District Judge
USDC Northern District of California
Oakland Courthouse, Courtroom 1 – 4th Floor
1301 Clay Street
Oakland, CA  94612

      Re:    *Supercell Oy v. GREE, Inc., et al.*
              USDC California Northern District Case No. 4:17-cv-05556-YGR

Dear Hon. Judge Gonzalez Rogers:

Pursuant to Paragraph 8(b) of this Court's Standing Order, Plaintiff Supercell Oy ("Supercell") and Defendants GREE, Inc., GREE International Entertainment, Inc., and Funzio Games, Inc. (collectively, "GREE") jointly submit this letter brief summarizing the issues that Supercell contends are remaining in dispute concerning GREE's disclosure of Patent Local Rule 3-4 materials. GREE contends that these issues are fully briefed in connection with its pending Motion to Strike that will be heard on July 31, 2018, and that this letter brief is unnecessary; however, GREE sets forth its position on these issues below in response to Supercell's threat to file a letter brief unilaterally if GREE did not do so. *See* Exhibit A.

### The Meet and Confer Requirement

The parties hereby attest that they met and conferred in person concerning the issues contained herein in person, on July 12, 2018.

### Supercell's Statement Regarding Relief Requested by Supercell

Supercell seeks to compel GREE's production of documents identified in this District's Patent Local Rule 3-4(a), (c), (d), (e), and (f), which documents GREE has withheld unilaterally and without prior notice.

### GREE's Statement Regarding Relief Requested by Supercell

GREE denies Supercell's allegations and points out that it has filed a Motion to Strike Supercell's inadequate infringement contentions and, consistent with precedent in this district, requested a stay of its P.L.R. 3-4 obligations in that Motion.

VIA EMAIL

The Honorable Yvonne Gonzalez Rogers
July 30, 2018
Page 2

## Statement by Supercell

Supercell served its Patent Local Rule 3-1 infringement contentions on May 14, 2018. On June 8, 2018, GREE served objections and responses to Supercell's discovery requests. In its General Objections, GREE objected to the definition of "Accused Products" only to the extent that GREE thought it was too broad and stated that it considered the term to encompass five accused games: DragonSoul, Knights & Dragons, Crime City, Modern War, and Kingdom Age. No further objection was made and GREE did not state that it intended to withhold any documents on the basis of its objection. *See* Exhibit B.

GREE first raised a complaint concerning Supercell's infringement contentions on May 31, 2018. Despite an extended exchange of emails and a telephonic conference regarding GREE's allegation that Supercell's Patent Local Rule 3-1 infringement contentions were allegedly deficient, GREE made no mention at any point regarding its intention to withhold its required Patent Local Rules disclosures. *See* Declaration of Bryan A. Kohm in support of Supercell's Opposition to GREE's Motion to Strike Supercell's Infringement Contentions (Dkt. No. 69-1) at ¶ 2; Supercell Opposition brief (Dkt. No. 69) at pp. 1-2.

GREE first informed Supercell and the Court in its June 22, 2018 opening brief in support of its motion that it was requesting a stay of discovery. GREE unilaterally disregarded the Court's schedule and Patent Local Rules, without so much as even raising the issue with Supercell or timely seeking relief from the Court. *See* Opening Brief at 9 (Dkt. No. 69).

## Supercell Argument

The issue presented in this letter is simple: May GREE unilaterally disregard the Court's schedule and Patent Local Rules? GREE does not dispute that it refused to make all of the productions required by Patent Local Rule 3-4. Nor did it timely seek relief from the deadline. Instead, GREE intentionally violated the deadline without prior notice. Although GREE has since attempted to manufacture excuses for its conduct, such as complaints about this Court's model protective order, GREE never raised any such complaint prior to the deadline. As evidenced by GREE's objections to Supercell's discovery requests, GREE cannot feign ignorance as to which products are accused of infringement. *See* Exhibit A (GREE's June 8, 2018 Objections and Responses to Supercell's Requests for Production at p. 2). Accordingly, Supercell requests that the Court enter an order requiring GREE to produce at Supercell's counsel's office all documents required under Patent Local Rule 3-4 within three (3) business days for the five GREE's mobile games: DragonSoul, Knights & Dragons, Crime City, Modern War, and Kingdom Age. *See* Fed. R. Civ. P. 37(a) (the Court may compel discovery if "a party fails to make a disclosure required by Rule 26(a)" or "fails to permit inspection – as requested under Rule 34"); Patent Local Rule 3-4(a), (a), (c), (d), (e), and (f).

## GREE's Argument: Supercell is Not Entitled to Review Source Code to Attempt to Justify its Inadequate Contentions (and Pre-Filing Investigation)

The real issue before the Court is simple: Should a plaintiff serving woefully inadequate infringement contentions be allowed access to a defendant's most sensitive technical

VIA EMAIL

The Honorable Yvonne Gonzalez Rogers
July 30, 2018
Page 3

information, such as proprietary source code, to use as a road map in search of information to develop its infringement theory in the first instance?  GREE is not refusing to produce source code.  GREE merely wants Supercell to adequately state its infringement theories ***before*** reviewing GREE's source code, as Fed. R. Civ. P. 11 and the Patent Local Rules require.  Supercell refused to do so, forcing GREE to move this Court to strike Supercell's contentions, and in that motion GREE expressly requested, consistent with this Court's precedent, that its obligations to produce source code be stayed.[1]  (*See* Dkt. 68 at 9; Dkt. 70 at 2, 5-7.)

Indeed, the resolution of GREE's motion to strike will resolve the issue addressed herein.  If the Court grants GREE's motion to strike and provides Supercell leave to amend its contentions, Supercell will have to adequately disclose its infringement theory before GREE produces source code.  If, on the other hand, the Court denies GREE's motion to strike and finds Supercell's contentions sufficient, GREE will make its source code available for inspection as the Court requires (and in accordance with the parties' Protective Order, which they are actively negotiating).[2]  All of the issues addressed herein were also addressed in the parties' briefing in connection with GREE's Motion to Strike, which is set for hearing tomorrow – July 31, 2018.  For these reasons, and because the Court will hear GREE's motion to compel the day after the filing of this joint letter brief, GREE attempted to conserve the Court's and the parties resources by notifying Supercell that this discovery letter is unnecessary.  GREE provides this statement at Supercell's insistence on filing this discovery letter and threat to do so unilaterally.

The purported May 14, 2018 infringement contentions that Supercell refers to above wholly failed to comply with Patent L.R. 3-1.  As detailed in GREE's motion to strike (Dkt. 68), Supercell

> (1) [did] not state how the accused GREE mobile games allegedly infringe; (2) [did] not show how or where each claim limitation is found within the Accused Products; (3) provide[d] only a single chart for the five Accused Products; and (4) fail[ed] to cite evidence demonstrating that its allegations are well-founded. Rather, for each claim element Supercell merely parrot[ed] claim language, ma[de] conclusory statements, and support[ed] its sparse Contentions with only its unexplained and conclusory "information and belief."

(Dkt. 68 at 1.)

Supercell's desperation to review GREE's source code betrays the fact that Supercell has no infringement theory now and had no infringement theory when it filed its case.  Supercell

---

[1] Supercell's statement incorrectly claims that GREE provided Supercell with no notice that it would not produce source code.  The stay of discovery requested in GREE's motion to strike notified Supercell well in advance of the deadline for GREE's invalidity contentions, and GREE reinforced that position in a letter contemporaneous with its invalidity contentions (which it served on the due date).

[2] Supercell also incorrectly claims that GREE never advised it that the model protective order would not be sufficient.  In fact, in the April 2018 Case Management Conference Statement, both parties agreed that the default model protective order did not provide adequate protections for either parties' most sensitive information and indicated they were negotiating a more detailed order.  (*See* Dkt. 56 at 3-4.)

VIA EMAIL

The Honorable Yvonne Gonzalez Rogers
July 30, 2018
Page 4

hopes that access to GREE's source code will allow it to backfill its contentions and cover up its inadequate pre-filing infringement investigation.

The production of source code required by Patent L.R. 3-4 was not intended as a windfall for Plaintiffs who fail to adequately investigate before filing suit and who fail to serve adequate infringement contentions. Moreover, GREE acted within its rights by refusing to make source code available pending its motion to strike and request for stay. *See Theranos, Inc. v. Fuisz Pharma LLC*, No. 11-cv-05236-YGR, 12-cv-03323-YGR, 2012 WL 6000798, at *2 (N.D. Cal. Nov. 30, 2012), 2012 WL 6000798, at *2 (granting the moving party's motion to strike and the request to stay infringement related discovery because the patentee had not satisfied its obligation under Fed. R. Civ. P. 11, 26(g), and Patent L.R. 3-1); *see also, Blue Spike, LLC v. Adobe Sys.*, No. 14-cv-01647-YGR (JSC), 2015 WL 335842, at *8 (N.D. Cal. Jan. 26, 2015) (granting the moving party's motion to strike plaintiff's infringement contentions and stay discovery, "including the deadline for [patentee] to serve invalidity contentions" until after it served amended infringement contentions). Indeed, discovery is not permitted on the basis of unfounded suspicion of infringement. *Micro Motion, Inc. v. Kane Steel Co., Inc.*, 894 F. 2d 1318, 1327 (Fed. Cir. 1990).

As discussed above, all of the issues addressed in this joint letter brief were previously addressed in the briefing on GREE's motion to compel. For that reason, GREE respectfully requests that the Court deny the request made in this joint letter brief. GREE also requests that this Court deny Supercell's requests for the reasons stated in connection with its briefing on its motion to strike (and re-stated in modified form above).

FENWICK & WEST LLP

*/s/ Bryan A. Kohm*
Bryan A. Kohm
Attorneys for Plaintiff
Supercell Oy


Sincerely,

KILPATRICK TOWNSEND & STOCKTON


*/s/ Scott Kolassa*
Scott Kolassa

*Attorneys for Defendant
GREE, Inc.*